IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LEE WHITE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TOM L. CAREY, Warden, ) <br> ) <br> Respondent. ) <br>_____ ) | No. C 02-02203 JW (PR) <br><br> ORDER TO SHOW CAUSE <br><br><br> (Docket Nos. 16 & 17) |

Petitioner, a state prisoner currently incarcerated at the California State Prison in Vacaville, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner seeks to proceed in forma pauperis (Docket No. 17) under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of selling cocaine base to an undercover officer. The trial court imposed sentence enhancements under

Order to Show Cause
N:\Pro - Se\9.6.2007\02-02203 White2203_osc.wpd

1  California's "Three Strikes" law after finding petitioner had prior felony
2  convictions. Petitioner was sentenced to twenty-five years to life in state prison.

3  On May 7, 2002, petitioner filed a federal habeas petition which was
4  dismissed for containing both exhausted and unexhausted claims. See Rose v.
5  Lundy, 455 U.S. 509, 522 (1982) (mixed petition – one containing both exhausted
6  and unexhausted claims – must be dismissed without prejudice). Petitioner was
7  granted leave to file an amended petition containing only exhausted claims, or
8  request a stay of the action while he returns to state court to exhaust the unexhausted
9  claims. Petitioner opted for the latter course, and the Court granted the motion for
10 stay. Petitioner filed the instant amended petition on September 19, 2006, and
11 alleges all claims therein have been exhausted in state court. The amended petition
12 is now before the Court for initial review.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner raises four claims: 1) the trial court violated due process by abusing its discretion in failing to strike petitioner's prior serious felony convictions; 2) the trial court abused its discretion by denying petitioner's right to retained counsel in

violation of the Sixth Amendment; 3) petitioner was denied his right to affective assistance of counsel in violation of the Sixth Amendment; and 4) appellate counsel rendered ineffective assistance in violation of petitioner's rights under the Sixth and Fourteenth Amendments.  Liberally construed, petitioner's claims appear cognizable under § 2254 and merits an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (Docket No. 17) is DENIED as moot.  Petitioner has already paid the filing fee.  The clerk shall terminate Docket Nos. 16 and 17 as moot.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **forty-five (45) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu

of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED: August 31, 2007

JAMES WARE
United States District Judge

Order to Show Cause
N:\Pro - Se\9.6.2007\02-02203 White2203_osc.wpd       4